UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY LEE HURT,

    Petitioner,

v.                            Civil Action
                             NO. 90-CV-71448

RANDEE REWERTS           HONORABLE MARK A. GOLDSMITH

    Respondent,
_____/

**OPINION & ORDER
TRANSFERRING THE NOTICE OF APPEAL (Dkt. 35), THE APPLICATION FOR
CERTIFICATE OF APPEALABILITY (Dkt. 36), AND THE EXHIBIT IN SUPPORT OF
THE CERTIFICATE OF APPELABILITY (Dkt. 38) TO THE UNITED STATES COURT
OF APPEALS FOR THE SIXTH CIRCUIT**

Before the Court is Petitioner's Notice of Appeal, Application for a Certificate of Appealability, and Exhibit in Support of the Certificate of Appealability. Petitioner again appears to be challenging his 1980 conviction for first-degree murder and conspiracy to commit first-degree murder. For the following reasons, the Clerk of the Court is ordered to transfer these pleadings to the United States Court of Appeals for the Sixth Circuit for a determination of whether petitioner should be permitted to file a successive petition for writ of habeas corpus.

**I. BACKGROUND**

Petitioner previously filed a habeas petition challenging his 1980 convictions out of the Genesee County Circuit Court for first-degree murder and conspiracy to commit first-degree murder. The petition was dismissed without prejudice because the claims were unexhausted. See Hurt v. Trippett, No. 90-cv-71448 (E.D. Mich. Jan. 3, 1991) (adopting Magistrate Judge's 11/30/1990 Report and Recommendation).

Following the exhaustion of state court remedies, Petitioner filed a second habeas petition with the United States District Court for the Western District of Michigan, which was denied with prejudice in part because some of the claims were procedurally defaulted and in part because the remaining claims were meritless. See Hurt v. Kapture, No. 2:02-CV-137 (W.D. Mich. Jan. 25, 2005) (adopting Magistrate Judge's 10/20/2004 Report and Recommendation); app. den. No. 05-1184 (6th Cir. Feb. 9, 2007); reh. den. No. 05-1184 (6th Cir. June 6, 2007).

Petitioner subsequently filed several pleadings, in which he sought to amend the 1990 habeas petition with newly-discovered evidence in support of his ineffective assistance of counsel claims that he raised in his first petition and also sought to raise new claims. Judge John Corbett O'Meara, the undersigned's predecessor on this case, ordered that these pleadings be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C.§ 2244(b)(3)(A). The Sixth Circuit denied petitioner permission to file a successive petition for writ of habeas corpus. In re Hurt, No. 17-1358 (6th Cir. Aug. 23, 2017).

Petitioner has now filed a notice of appeal from an order by the Michigan Supreme Court denying his application for leave to appeal, in which he again challenged his conviction. Petitioner also requests a certificate of appealability and has filed an exhibit in support of the application.

## II. DISCUSSION

Petitioner filed a prior petition for a writ of habeas corpus challenging his 1980 convictions for first-degree murder and conspiracy to commit murder, which was denied on the merits. Petitioner has been denied permission by the Sixth Circuit to file a successive habeas petition. Petitioner again appears to seek to challenge his conviction.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See

28 U.S.C. § 2244(b)(3)(A); <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. <u>See</u> <u>Hervey v. United States,</u> 105 F. Supp. 2d 731, 735 (E.D. Mich. 2000) (citing <u>Ferrazza v. Tessmer</u>, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)).

Petitioner's Notice of Appeal seeks to raise new claims for relief and should thus be treated as a motion for an authorization to file a second or successive habeas petition. <u>See</u> <u>Campbell v. Myers,</u> No. 17-6335, 2018 WL 2221883, at *1 (6th Cir. Apr. 9, 2018). This Court lacks jurisdiction to grant a certificate of appealability on the merits of petitioner's habeas claims, because Petitioner has yet to obtain permission from the Sixth Circuit to file a successive habeas petition. <u>See</u> <u>Williams v. Chatman</u>, 510 F.3d 1290, 1295 (11th Cir. 2007).

Petitioner's current pleadings amount to a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization. Accordingly, the Clerk of Court is ordered to transfer the Notice of Appeal, the Application for a Certificate of Appealability, and the Exhibit in Support of the Application for a Certificate of Appealability to the United States Court of Appeals for the Sixth Circuit pursuant to <u>In re Sims</u>, 111 F.3d 45 (6th Cir. 1997), and 28 U.S.C. § 1631. <u>See</u> <u>Galka v. Caruso</u>, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

SO ORDERED.

Dated: May 28, 2019　　　　　　　　　　　　　　s/Mark A. Goldsmith  
　Detroit, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2019.

                                                s/Karri Sandusky
                                                Case Manager